

U.S. Department of Justice

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 5, 2020

Brad Bailey, Esq.
44 School Street, Suite 1000B
Boston, MA 02108

David Yannetti, Esq.
44 School Street, Suite 1000A
Boston, MA 02108

    Re:    United States v. Max T. Gaj

Dear Attorney Bailey and Attorney Yannetti:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Max T. Gaj ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    Change of Plea

    No later than March 2, 2020, Defendant will waive Indictment and plead guilty to Counts One through Seven of the Information: Receipt and Possession of Unregistered Firearms, in violation of 26 U.S.C. §§ 5841 and 5861(d) (Counts One and Two); Receipt and Possession of an NFA Firearm Not Identified By Serial Number, in violation of 26 U.S.C. §§ 5842 and 5861(i) (Count Three); Making of a Firearm in Violation of NFA, in violation of 26 U.S.C. §§ 5841 and 5861(f) (Count Four), Selling Firearms in Violation of State and Local Laws, in violation of 18 U.S.C. § 922(b)(2) (Counts Five and Six), and Making False Entries in, Failing to Make Appropriate Entries in, and Failing to Properly Maintain Records as Required, in violation of 18 U.S.C. § 922(m) (Count Seven). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

1

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

- Counts One through Four: incarceration for 10 years; supervised release for 3 years; a fine of $250,000; and a mandatory special assessment of $100;

- Counts Five and Six: incarceration for five years; supervised release for 3 years; a fine of $250,000; and a mandatory special assessment of $100;

- Count Seven: incarceration for one year; supervised release for 1 year; a fine of $100,000; and a mandatory special assessment of $25; and

- Forfeiture to the extent charged in the Information.

Defendant understands that, if he is not a United States citizen, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 21:

   a) Defendant's base offense level is 18, because the offenses charged in Counts One through Four involve firearms described in 26 U.S.C. § 5845(a) (USSG § 2K2.1(a)(5));

   b) Defendant's offense level is increased by 6, because the offenses involved between 25 and 99 firearms (USSG § 2K2.1(b)(1)); and

   c) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.   Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration not to exceed the mid-point of the Guidelines sentencing range as calculated by the parties in Paragraph 3;

    b) a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 24 months of supervised release;

    d) a mandatory special assessment of $625, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) forfeiture as set forth in Paragraph 6.

The Defendant reserves the right to recommend any sentence to the Court, including a sentence outside of the Guidelines sentencing range as calculated by the parties in Paragraph 3.

5.   Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any

other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Catherine G. Curley.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
DEEPIKA BAINS SHUKLA
Chief, Springfield Branch Office

_____
CATHERINE G. CURLEY
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorneys. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_Max Gaj_
Max T. Gaj
Defendant

Date: 2/11/2020

I certify that Max T. Gaj has read this Agreement and that we have discussed what it means. I believe Max T. Gaj understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_BBay_
Brad Bailey, Esq.
David Yannetti, Esq.
Attorneys for Defendant

Date: 2/11/20